# STOREY *v.* STOREY.

WILLS; IDENTITY; TRIAL; NOTICE; WAIVER.

1. Where, in a will contest, the caveators claimed that the evidence failed to identify the person who executed by mark the paper offered for probate, with the testator; and it appeared, among other things, that the draftsman of the paper prepared it at the direction of one whose name was the same as that of the testator, and who duly executed it; that after the testator's death the paper was found in his bureau drawer, where he had said before his death it would be found; and that the paper correctly gave the names of the testator's son and grandchildren, and described real estate he owned,—it was held

that the identity had been shown and the paper should be admitted
to probate.

2. It is not error for the trial court to overrule a motion by the caveator,
made on the day fixed for the trial of issues framed to test the validity
of a will, to assign a later day for trial, on the ground that a copy
of the issues and notice of trial had not been served on him, where it
appears that, at the time the issues were framed and the date of
the trial fixed, the caveator appeared in person and by attorney.

No. 1755.   Submitted April 8, 1907.   Decided June 4, 1907.

HEARING on an appeal by the caveators from an order of
the Supreme Court of the District of Columbia holding a
probate court, admitting a will to probate after the trial by
jury of issues to test its validity.                 *Affirmed.*

The facts are stated in the opinion.

*Mr. James S. Easby-Smith* for the appellants.

*Mr. W. Russell Graham* and *Mr. Herbert A. Wrenn* for the
appellees.

Mr. Justice McCOMAS delivered the opinion of the Court:

These proceedings in the supreme court of the District of
Columbia holding a probate court must be affirmed, because
they were regular and the rulings of the court below were right.

James Storey, who was about sixty-five years old, on Febru-
ary 4, 1902, executed this last will, and died on December 18,
1905.   William E. Jordan, who prepared this paper, testified
that James Storey came into Jordan's office, and gave his name
as James Storey, and gave him the data wherefrom he prepared
the paper.   Jordan had seen Storey two or three times before,
in a store near by, and knew him by sight.   It appears that
Storey, accompanied by a granddaughter, since dead, came in
a Dayton wagon to the office of Jordan and Richardson.   Jor-
dan prepared notes for the will from the directions given

by James Storey. Miss Shryock, the typewriter of this firm, was present, and Jordan dictated the paper to her. When it was prepared, he read it to Storey. Jordan then called in Louis J. Smith, and in the presence of these three witnesses, the name James Storey having been written by Jordan, Storey executed the will by making his mark,. and declared the paper to be his will, and Jordan, Smith, and Miss Shryock signed it as witnesses. Richardson, the partner of Jordan, came in at that time, and put the will in an envelope, and sealed it, and wrote words upon it (exactly what, the record does. not disclose), indicating it was the will of James Storey, and delivered it to the testator, who had given that name as his own. Storey carried the will away with him. Miss Shryock remembered that Storey came into the office along with a lady, and detailed the circumstances, telling how Storey gave directions to Jordan, and how Jordan dictated the will, and how she wrote it on the tpyewriter on three sheets of paper, which she positively identified as the will propounded. She also identified the writing on the back of the envelope as the handwriting of Richardson of the firm of Jordan & Richardson.

Louis J. Smith, the other witness, testified that the man who was introduced to him as James Storey signed the will by making his mark, and declared it his will, in his presence and in the presence of each of the other witnesses.

Newton Cornwell, of Prince George's County, Maryland, a son-in-law of James Storey, with whom the latter lived for about thirteen years, and until two years before his death (at which time Storey moved to Washington), testified that a month before Storey left the witness's house he told the witness that he, Storey, had made a will, and that after his death he wanted Cornwell to go to his, Storey's, bureau drawer, and get his will and carry it into Washington to his children. On Christmas morning after Storey's death, Cornwell found the sealed envelope in the bureau drawer, as Storey had told him, and carried it to the house of Mrs. Johnson, where gathered together Mr. and Mrs. Cornwell, James Storey, Mrs. Johnson, and Mrs. Branson, the children surviving the testator. Mrs. Johnson

opened the envelope and read the will at that time. The wit-
ness identified it. Mrs. Johnson confirmed Cornwell's state-
ment, and added that she first learned she was executrix when
she opened the envelope and read the will. The testator lived
with her during the last two years of his life, and told her, a
month before he died, that he had left his will at home, in the
house of her brother-in-law Cornwell, and in the bureau drawer.
The will and the envelope in which it had been sealed, in-
dorsed in Richardson's handwriting, were fully identified at
the trial. We will not recapitulate the will. It is undisputed
that the person who executed the will as James Storey had
correctly named to Jordan, who wrote the will, his son James
Storey and his daughters, and had given the names of the re-
spective husbands of the daughters, and had correctly named
all of his grandchildren, who were legatees. He had accurate-
ly described the three parcels of real estate which he owned,
and there is no dispute that the specific gifts of personalty
corresponded to articles belonging to James Storey. The court
and jury below had no hesitation in finding the identity of the
testator James Storey, and that this paper propounded was
his last will. In our opinion, nobody could doubt it.

In the proceedings in the probate court, James Storey and
Mary Johnson, the son and daughter of the testator, who were
executors of the will, produced it and asked probate thereof.
James P. Storey and Annie C. Storey, now Schley, the appel-
lants, with Eli and James Kinchloe, made answer and ob-
jected to the probate of the will. Eli Kinchloe was appointed
guardian *ad litem* for Herbert and Samuel Kinchloe, two res-
ident infants, and Lemuel Fugitt, was appointed guardian
*ad litem* for Eva M. Payne, a nonresident infant, against whom
due publication had been made, and answered in the usual form.
By order of the court, the caveatees, James Storey and Mary
Johnson, were made plaintiffs, and these, together with Isa-
bella Branson and Jane Cornwell, filed a waiver of notice of
the trial of issues, and the caveators, James P. Storey, Annie
C. Storey, Eli Kinchloe, James Kinchloe, and Herbert Kinch-
loe, and Samuel Kinchloe, by Eli Kinchloe, their guardian

*ad litem,* and Eva M. Payne, by Lemuel Fugitt, her guardian *ad litem,* were made defendants. It is shown by the record that at the time the issues were framed and the trial fixed, and at the trial, the caveatees were present in person and by their attorneys. The caveator, James P. Storey, appeared in person and by his attorney. The latter attorney endeavored to secure a later day for the trial. A certain attorney had represented all of the caveators, and, when that attorney was disbarred, Lemuel Fugitt appeared as attorney. Fugitt and the attorney thereafter disbarred were both present at the time the issues were framed and the date of trial was fixed, and they then acted for the appellant James P. Storey.

We will not review the provisions of the Code relating to citation and notice. It is not necessary. There was such notice and waiver of notice and appearance in proper person and by attorneys of all the parties that the court below properly overruled the motion of James P. Storey, who alone urged this objection. The trial proceeded, and, as we have said, resulted in a verdict sustaining the will upon all the issues.

The judgment of the court below is affirmed, with costs, and the petition and other proceedings are hereby remanded to the court below for further proceedings.          *Affirmed.*